IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI



**FILED**

JUN 1 4 2016

DAVID CREWS, CLERK
BY _V. Adams_
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 4:16CR_064_ |
| v. | ) | |
| | ) | |
| LAWARDRICK MARSHER, | ) | 18 U.S.C. § 242; 18 U.S.C. § 371; |
| DEONTE PATE, | ) | 18 U.S.C. § 1001; 18 U.S.C. § 1519; |
| AND ROBERT STURDIVANT | ) | 18 U.S.C. § 2 |
| | ) | |

## INDICTMENT

### GENERAL ALLEGATIONS

At all times relevant to this indictment:

1.     LAWARDRICK MARSHER, DEONTE PATE, ROBERT STURDIVANT, G.F., and R.N. were employed by the Mississippi Department of Corrections and working at the Mississippi State Penitentiary in Parchman, Mississippi. ROBERT STURDIVANT held the position of sergeant. LAWARDRICK MARSHER and DENOTE PATE held the position of corrections officer.

2.     K.H. was a convicted prisoner housed at the Mississippi State Penitentiary in Parchman, Mississippi.

3.     The allegations set forth in paragraphs 1 and 2 are re-alleged and incorporated in Counts One through Nine.

The Grand Jury charges:

### COUNT ONE

[18 U.S.C. § 242 – Deprivation of Rights Under Color of Law]

On or about March 9, 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendants

**LAWARDRICK MARSHER and ROBERT STURDIVANT,**

while aiding and abetting each other and while acting under color of law, assaulted K.H. by punching him, kicking him, and throwing him to the ground, and thereby willfully deprived K.H. of the right secured and protected by the Constitution and laws of the United States not to be subjected to cruel and unusual punishment. This offense resulted in bodily injury to K.H. and involved the use of a dangerous weapon, specifically a boot.

All in violation of Title 18, United States Code, Sections 242 and 2.

<u>COUNT TWO</u>

[18 U.S.C. § 242 – Deprivation of Rights Under Color of Law]

On or about March 9, 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendant

**ROBERT STURDIVANT,**

while acting under color of law, did willfully permit and fail to prevent another police officer in his presence, namely **LAWARDRICK MARSHER**, from punching, beating and otherwise unlawfully assaulting K.H. while K.H. was in the custody of **ROBERT STURDIVANT** and **LAWARDRICK MARSHER**, and thereby willfully deprived K.H. of the right secured and protected by the Constitution and laws of the United States not to be not to be subjected to cruel and unusual punishment, which includes the right to be kept free from harm while in official custody. This offense resulted in bodily injury to K.H.

All in violation of Title 18, United States Code, Sections 242 and 2.

COUNT THREE

[18 U.S.C. § 371 – Conspiracy]

From or about March 9, 2014 through on or about August 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendants

**LAWARDRICK MARSHER, DEONTE PATE, and ROBERT STURDIVANT,**

and others known and unknown to the Grand Jury, did knowingly and voluntarily conspire, combine, confederate and agree with each other to:

1. knowingly falsify and make a false entry in a record, document, or tangible object with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of a department or agency of the United States in violation of Title 18, United States Code, Section 1519; and

2. make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the United States, in violation of Title 18, United States Code, Section 1001.

### Manner and Means of the Conspiracy

It was part of the conspiracy that the Defendants wrote false official reports with the intent to impede, instruct, and influence the investigation of the assault on K.H.

It was part of the conspiracy that **ROBERT STURDIVANT** altered physical evidence and told others to do so with the intent to hinder efforts to investigate the assault on K.H.

It was part of the conspiracy that the Defendants made false and misleading statements to agents of the Federal Bureau of Investigation ("FBI") and other law enforcement agencies to hinder efforts to investigate the assault on K.H.

Overt Acts

In furtherance of this conspiracy, and to accomplish its objectives, the Defendants committed the following overt acts, among others, in the Northern District of Mississippi, and elsewhere:

On or about March 9, 2014, **ROBERT STURDIVANT** ordered G.F., a corrections officer, to have the blood from the assault on K.H. cleaned up, knowing that investigators had not yet photographed or collected evidence from the assault.

On or about March 9, 2014, **LAWARDRICK MARSHER, DEONTE PATE, and ROBERT STURDIVANT** met together for the purpose of collaborating on their incident reports to ensure that they falsely minimized and falsely justified the force used against K.H.

On or about March 9, 2014, **ROBERT STURDIVANT** wrote, signed, and submitted under his own name an official incident report that falsely minimized and falsely justified the force used against K.H.

On or about March 9, 2014, **ROBERT STURDIVANT** told **DEONTE PATE** to rewrite his official incident report relating to the assault on K.H. so that **PATE**'s report matched those of the other officers.

On or about March 9, 2014, **DEONTE PATE** signed and submitted under his own name an official incident report that falsely minimized and falsely justified the force used against K.H.

On or about March 9, 2014, **LAWARDRICK MARSHER,** together with **ROBERT STURDIVANT**, wrote, signed and submitted under **MARSHER**'s name an official incident report that falsely minimized and falsely justified the force used against K.H.

On or about March 9, 2014, **ROBERT STURDIVANT** wrote an official incident report under the name of R.N. that falsely minimized and falsely justified the force used against K.H. and gave it to R.N. to sign and submit under her own name.

On or about March 9, 2014, **ROBERT STURDIVANT** told **LAWARDRICK MARSHER, DEONTE PATE**, and R.N. to tell prison investigators that they concurred with the false incident reports written by **STURDIVANT**.

On or about March 9, 2014, the Defendants collaborated in drafting an official use of force report that falsely minimized and falsely justified the force used against K.H.

On or about April 2014, **LAWARDRICK MARSHER** and **ROBERT STURDIVANT** said to each other and to **DEONTE PATE** and R.N. that they, **MARSHER** and **STURDIVANT**, intended to continue falsely minimizing and falsely justifying the force used against K.H.

On or about August 4, 2014, **DEONTE PATE**, in an interview with agents of the FBI, falsely denied witnessing **MARSHER** punch K.H. once K.H. was on the ground, falsely denied witnessing **MARSHER** straddle K.H. while punching him in the face, falsely denied witnessing **STURDIVANT** kick K.H., falsely said that he and the other defendants handcuffed K.H., and falsely denied writing a false incident report regarding K.H.

On or about August 6, 2014, **LAWARDRICK MARSHER**, in an interview with agents of the FBI, falsely denied punching K.H. once K.H. was on the ground, falsely denied straddling K.H. while punching him in the face, falsely denied witnessing **STURDIVANT** kick K.H., falsely said that he and the other defendants handcuffed K.H., falsely denied having to be pulled off of K.H., and falsely denied writing a false incident report regarding K.H.

On or about August 6, 2014, **ROBERT STURDIVANT**, in an interview with agents of the FBI, falsely denied kicking K.H., falsely denied witnessing **MARSHER** punch K.H. once K.H. was on the ground, falsely denied witnessing **MARSHER** straddle K.H. while punching him in the face, falsely said that he and the other defendants handcuffed K.H., and falsely denied collaborating with the other defendants on the official incident reports regarding K.H.

All in violation of Title 18, United States Code, Section 371.

COUNT FOUR

[18 U.S.C. § 1519 – False Report]

On or about March 9, 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendant

**LAWARDRICK MARSHER,**

while acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly falsified and made false entries in a document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Marsher adopted, signed, and submitted as his own a false and misleading official incident report, which failed to disclose the totality of the force used by Marsher against K.H. as well as his observations concerning the force that was used by others against K.H., with the intent to obstruct any investigation into the use of force against K.H.

All in violation of Title 18, United States Code, Section 1519.

COUNT FIVE

[18 U.S.C. § 1519 – False Report]

On or about March 9, 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendant

**ROBERT STURDIVANT,**

while acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly falsified and made false entries in a document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Sturdivant wrote, signed, and submitted a false and misleading official incident report, which failed to disclose the totality of the force used by Sturdivant against K.H. as well as his

observations concerning the force that was used by others against K.H., with the intent to obstruct any investigation into the use of force against K.H.

All in violation of Title 18, United States Code, Section 1519.

## COUNT SIX

[18 U.S.C. § 1519 – False Report]

On or about March 9, 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendant

**DEONTE PATE,**

while acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly falsified and made false entries in a document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, Pate adopted, signed, and submitted as his own a false and misleading official incident report, which failed to disclose his observations concerning the force that was used against K.H., with the intent to obstruct any investigation into the use of force against K.H.

All in violation of Title 18, United States Code, Section 1519.

## COUNT SEVEN

[18 U.S.C. § 1001 – False Statement]

On or about August 4, 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendant

**DEONTE PATE**

knowingly and willfully made false, fictitious, and fraudulent statements to a Special Agent of the FBI concerning facts material to a matter being investigated by the FBI, an agency of the United States. Specifically, Pate falsely denied witnessing Marsher punch K.H. after K.H. was on the

ground, falsely denied witnessing Marsher straddle K.H. while punching him in the face, falsely denied witnessing Sturdivant kick K.H., falsely said that he and the other defendants handcuffed K.H., and falsely denied submitting a false incident report regarding K.H, when in truth and in fact, as the defendant knew, he was present while other defendants used excessive force against K.H. and he did observe them doing so, and he submitted a false incident report regarding K.H.

All in violation of Title 18, United States Code, Section 1001.

## COUNT EIGHT

### [18 U.S.C. § 1001 – False Statement]

On or about August 6, 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendant

## LAWARDRICK MARSHER

knowingly and willfully made false, fictitious, and fraudulent statements to a Special Agent of the FBI concerning facts material to a matter being investigated by the FBI, an agency of the United States. Specifically, Marsher falsely denied punching K.H. after K.H. was on the ground, falsely denied straddling K.H. while punching him in the face, falsely denied witnessing Sturdivant kick K.H., falsely said that he and the other defendants handcuffed K.H., falsely denied having to be pulled off of K.H., and falsely denied submitting a false incident report regarding K.H., when in truth and in fact, as the defendant knew, he punched K.H. after K.H. was on the ground, straddled K.H. while punching him in the face, witnessed Sturdivant kick K.H., did not participate in handcuffing K.H., had to be pulled off of K.H., and submitted a false incident report regarding K.H.

All in violation of Title 18, United States Code, Section 1001.

## COUNT NINE

### [18 U.S.C. § 1001 – False Statement]

On or about August 6, 2014, in Sunflower County, Mississippi, within the Northern District of Mississippi, defendant

### ROBERT STURDIVANT

knowingly and willfully made false, fictitious, and fraudulent statements to a Special Agent of the FBI concerning facts material to a matter being investigated by the FBI, an agency of the United States. Specifically, Sturdivant falsely denied kicking K.H., falsely denied witnessing Marsher punch and kick K.H. after K.H. was on the ground, falsely denied witnessing Marsher straddle K.H. while punching him in the face, falsely said that he and the other defendants handcuffed K.H., and falsely denied collaborating on the official incident reports regarding K.H. with the other defendants, when in truth and in fact, as the defendant knew, he kicked K.H., witnessed Marsher punch and kick K.H. after K.H. was on the ground, witnessed Marsher straddle K.H. while punching him in the face, did not participate in handcuffing K.H., and collaborated on the official incident reports regarding K.H. with the other defendants.

All in violation of Title 18, United States Code, Section 1001.

A TRUE BILL,

_____
UNITED STATES ATTORNEY

/s/redacted signature
FOREPERSON